# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERON SMITH, | |
| Plaintiff, | Civil Action No. 17-3266 (MAS) (DEA) |
| v. | **MEMORANDUM AND ORDER** |
| NJ PAROLE, | |
| Defendant. | |

Plaintiff Geron Smith, an alleged pretrial detainee[1] currently confined at the Central Reception and Assignment Facility in Trenton, New Jersey, seeks to bring this civil action *in forma pauperis* ("IFP"), without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied Plaintiff's first IFP application without prejudice, on the account that he failed to submit a six-month prison account statement as required by 28 U.S.C. § 1915(a). (Order, May 24, 2017, ECF No. 5.) Presently before the Court is Plaintiff's second IFP application (ECF No. 7).

The Court has reviewed the second application and finds that Plaintiff does not establish his inability to pay the filing fee. During the five months covered by the account statement submitted by him, Plaintiff had an income of $1,559.80, or in excess of $300 per month, and the highest balance in his account was $615.47. (ECF No. 7 at 6-8.) This indicates that Plaintiff had the financial means to pay the filing fee. In *Shahin v. Sec. of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013), the Third Circuit upheld an IFP denial by the district court, even when the plaintiff showed that she only had a monthly income of $95 from self-employment. Because the plaintiff was

---

[1] Based on the target of the lawsuit, it is more likely that Plaintiff is a convict waiting in jail for a probation/parole violation hearing.

provided, by her husband, "with food, clothing, shelter, paying her medical and travel expenses and even her business losses," the Third Circuit reasoned, "requiring [plaintiff] to pay her own litigation expenses, although requiring her to save for several months, would not deprive her of the 'necessities of life.'" *Id.* Here, Plaintiff's income is more than three times of the $95/month threshold established in *Shahin*, and Plaintiff is also similarly situated in that he has his food, clothing, shelter, and medical expenses paid for by the prison. Like the plaintiff in *Shahin*, requiring Plaintiff to pay the filing fee "would not deprive [him] of the 'necessities of life.'" 532 F. App'x at 124.

IT IS therefore on this 10th day of July, 2017,

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED";

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 7) is hereby **DENIED WITH PREJUDICE**;

**ORDERED** that Plaintiff's motion for pro bono counsel (ECF No. 6) is hereby **DENIED WITH PREJUDICE**, *see Massaro v. Balicki*, No. 13-6958, 2016 WL 4204547, at *5 (D.N.J. Aug. 8, 2016) ("Being certified to proceed IFP meets a necessary condition for having counsel appointed[.]" (quoting *Bagby v. Hooper*, No. 16-0686, 2016 WL 1046794, at *3 (D.N.J. Mar. 16, 2016));

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint;

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, within 90 days of the entry of this Order; Plaintiff's writing shall include the $400 fee including the $350 filing fee plus the $50 administrative fee;

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and payment of the filing and administrative fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE